† LESTER SUTTON, ADM'R, v. TRUSTEES OF OTTERBEIN UNIVERSITY.

A NOTE WITHOUT AUTHORITY TO RECEIVE IT, NOT BINDING, UNLESS LIABILITY INCURRED UPON FAITH OF IT.

A sealed note subscribing gratuitously a sum to Otterbein University, which is not authorized by statute to receive subscriptions, and on the faith of which no liability has been incurred, is not enforceable. The fact that it is part of a contingent fund from which payments have been made, but not beyond the balance of the fund, is not incurring a liability on account of the note.

Error to the Court of Common Pleas of Seneca county.

MOORE, J.

The plaintiff in error, administrator of Sylvanus Griffeth, seeks in this proceeding to reverse the judgment of the court of common pleas of Seneca county, recovered against him in an action brought by the defendant in error upon a subscription note made by Sylvanus Griffeth to the trustees of the Otterbein University of Ohio. The obligation sued upon is in the following language:

"To all whom it may concern: I, Sylvanus Griffeth, desiring to promote the interests of the Otterbein University of Ohio, do hereby subscribe and agree to pay to Otterbein University $4,000, to be paid out of my estate, one day after my death and the death of my wife Electa, to be used as a contingent fund. Witness my hand and seal the 19th day of July, 1893.                                   SYLVANUS GRIFFETH.   [Seal.]

"Executed in the presence of C. W. Miller and C. L. Baurgton."

The record discloses that Otterbein University is an institution of learning located at Westerville, Ohio. It was incorporated by special act of the legislature, passed February 13, 1849, and receives its support by bequests, donations, etc. The funds of the university are divided into two classes, one called the endowment fund, the interest of which is used, and that for the payment of salaries of teachers and professors—the other, the contingent fund, which is used to discharge and pay any and all expenses of the institution; and in case the interest on the endowment fund is not sufficient, the contingent fund may be used to pay teachers, etc. This subscription was made to the contingent fund. This fund consisted of quite a large amount; the witness, Miller, states about $75,000. The subscription in question was considered as part of that fund; from this fund payments for various purposes were made, averaging, as stated by the same witness, about $10,000 per year. While this subscription note was considered an asset belonging to the contingent fund, it does not appear that any debt was contracted or expense incurred on the faith of it. No debt was created or expense incurred beyond what would have been if this subscription note had not been executed, and none that the university was not amply able to meet outside of this note.

Section 6 of the charter incorporating the university provides that the trustees may, "procure funds for the endowment of professorships, the erection of buildings to be used for college purposes, the purchase of lands, charts, etc., and for whatever else may be necessary for the prosperity of the institution, and shall faithfully apply what they may receive by donations or otherwise, to these purposes, provided that all these donations, bequests, etc., shall be applied in accordance with the designs expressed by the donors."

The subscription note executed by Griffeth was for no definite object. The contingent fund could be used for any and all purposes, so that it became a subscription to the university, to be used by the trustees for any purpose to which they might apply it. It was a promise to pay Otterbein University four thousand dollars one day after the decease of the maker of the obligation, and after the death of his wife, Electa.

This obligation was no more binding, because it was conditioned to be paid after the death of the promisor, than if it had been made payable in one, two, or three years from its date.

---

† The supreme court affirmed this judgment, one of the grounds of reversal by the circuit court being that the judgment of the common pleas is against the weight of the evidence. Other questions not passed upon. 54 O. S., 665.

The promise to pay or give was an executory promise. It is elementary that an executory promise is without consideration. That a promise to pay money as a gift is not binding upon the promisor. "The gift of the maker's own note is the delivery of a promise only, and not of the thing promised, and therefore fails." If, however, a subscription note is executed and delivered for some particular purpose or object, in other words, if a person subscribes or promises to pay to a public enterprise—educational, for instance—and work is done, money expended, or liability incurred on the faith of such subscription or promise, it becomes binding upon the party.

The party to whom the promise is made must be authorized to receive it. The whole rule is laid down in The Ohio Wesleyan Female College v. Love's Executor, etc., 16 O. S., 20.

I read the syllabus in the case:

"The act of April 9, 1852, to enable the trustees of colleges, academies, universities, and other institutions, for the purpose of promoting education, to become bodies corporate, and the act of March 11, 1853, amendatory thereof, recognize a class of educational institutions, the property of which is held in trust, and is derived from donations, gift, devise, or gratuitous subscriptions. And various provisions of those acts, by necessary implication, authorize such institutions to accept and receive voluntary subscriptions."

"Where such subscription is made in writing and accepted, and liabilities are incurred on the faith of it, its collection cannot be defeated on the grounds of a supposed want of a valuable or legal consideration."

While the judge, deciding the case of which I have just read the syllabus, indulged in some considerable sentiment, yet he kept distinctly in view two essential propositions, and they are—that under the law of 1852, and the amendments thereto, the plaintiff in that case was authorized to receive gratuitous subscriptions," and that liabilities were incurred on the strength of the subscription. In the case of Johnson v. Otterbein University, 41 O. S., 527, we find that the court have distinctly held, in construing the charter of the plaintiff in error, that it does not authorize the taking of gratuitous subscriptions, so as to dispense with the necessity of a consideration in law. I read from the opinion, page 531—

"Do the terms of the charter render the promise binding, and dispense with the necessity of a consideration in law? The section quoted in the statement, which is section 6 of the charter, is relied on in argument. It authorizes the trustees to procure funds for specific purposes, and requires them to apply what they may receive by donations or otherwise, to those purposes. It also required that all donations, bequests, etc., be applied in accordance with the designs expressed by the donors. It names no subject but of gift; and, of course, all things that can pass by gift are included. Gratuitous promises are not named, and not being subject of gift, are not included; they are left to the control of the law."

We think this view correct. The charter of Otterbein University does not authorize the taking of gratuitous promises or subscriptions. Hence under the decision of Johnson v. Otterbein University, it is not within the first proposition stated in the case of the Ohio Wesleyan Female College v. Love, 16 Ohio St., referred to. It also appears to us from the record that the trustees of Otterbein University did not assume any liability, incur any obligation, or create any indebtedness on the faith of the promise of Sylvanus Griffeth. It is not enough to say that it was considered part of a general contingent fund from which expenses of various sorts were being continually paid. It is not shown that a single liability was incurred or assumed other than would have been if the $4000 obligation had not been in existence. Therefore it does not come within the second proposition of the case last mentioned. I will repeat again that the decision in Ohio Wesleyan Female College v. Love's Executor, supra, is placed on two propositions.

First, that the college was authorized by statute to receive gratuitous subscriptions. Second, that the subscriptions were accepted and liabilities incurred on the faith of it. The present case cannot be supported upon either of these

343                     Sutton v. Trustees.

grounds. As we have intimated, it has been held by the authorities, and we think properly, that a gratuitous subscription to promote the object for which a corporation is established cannot be enforced unless the promisee has, upon the faith of such promise sued on, done something, or incurred, or assumed some obligation or liability. Some act to the advantage of the promisor or detriment to the university must exist to create a legal consideration. Our attention has been called to the three cases from Union county, in which this court was reversed by the supreme court, as being authority in this case. We are not aware upon what grounds those decisions were made, as no opinion was rendered. It appears, however that the promisee in those cases surrendered a claim which they held against the estate of the promisor's deceased husband, and of which estate she, the promisor, was the sole beneficiary. If such were the grounds for those decisions, the cases have no application to the case at bar.

A majority of the court is of the opinion that the court erred in overruling the motion for a new trial, for the reason that the finding and judgment are against the evidence and the law of the case. The judgment of the court below will be reversed, the motion for a new trial will be sustained, and the cause remanded for further proceedings according to law.

Seney, J., concurs. Day, J., dissents.

McCauley & Weller, for plaintiff in error.

Seney & Sayler, for defendant in error.